SOCIÉTÉ ANONYME DES GLACES NATIONALES BELGES v. KAHN.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

DISCOVERY (§ 88*)—INSPECTION OF BOOKS AND PAPERS.

Plaintiff in an action to recover for goods sold, being required to affirmatively show that E., through whom they were sold, was agent of defendant, having brought himself within the provisions of Code Civ. Proc. §§ 803–809, and Gen. Rules of Practice, rules 14–16, is properly granted an order for inspection of books, papers, and documents claimed to contain evidence of the agency, which, however, should not include copies of letters sent by defendant to others respecting his business relations with E.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 114; Dec. Dig. § 88.*]

Appeal from Special Term.

Action by the Société Anonyme des Glaces Nationales Belges against Jacques Kahn. From an order granting a discovery and inspection of certain papers, letters, and documents in the possession of defendant, he appeals. Modified and affirmed.

See, also, 126 App. Div. 834, 110 N. Y. Supp. 980.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Louis Marshall (Adam K. Strickler, of counsel), for appellant.
Rounds & Schurman (Karl Hansmann, of counsel), for respondent.

PER CURIAM. The action is to recover for goods sold and delivered. The plaintiff's claim is that one Rochez Vander Elst was the agent of the defendant, through whom the sales were made. To sustain the plaintiff's case, it must establish affirmatively that said Vander Elst was the agent of the defendant. The books, papers, and documents of which it desires a discovery and inspection it is claimed contain such evidence. Plaintiff has brought itself within the provisions of sections 803–809 of the Code of Civil Procedure and rules 14–16 of the General Rules of Practice.

We think, however, that the order should be modified by striking therefrom the following clause: "All letter press or other copies of letters and cables sent by the defendant to Lazard Frères at Paris, and other bankers in Europe, respecting the defendant's business relations with said Rochez Vander Elst during the same period, now in the defendant's possession or under his control"—and, as so modified, affirmed, without costs.

